IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

JOHN M. BESHEARS, )
)
    Plaintiff, )
)
v. ) Case No.
)
ANDREW PATRICK WOOD ) Plaintiff demands a jury trial
)
    Defendant. )

## COMPLAINT

## GENERAL ALLEGATIONS

COMES NOW THE PLAINTIFF John M. Beshears and hereby files his Complaint against the Defendant, Andrew Patrick Wood, and in support thereof states to the Court as follows:

1. That Defendant is a resident of Newton County, Missouri.

2. That the Plaintiff is a resident of the state of Arkansas.

3. That this Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1332, in that there is diversity of citizenship and the Plaintiff's damages for his claims are in excess of $75,000.00.

1

4. That on June 26, 2009, while a resident of McDonald County, Missouri, the Plaintiff was injured in an automobile accident which also killed his wife.

5. That on June 30, 2009, the Probate Court of McDonald County, Missouri, appointed Donna K. Underwood, the Public Administrator of McDonald County, Missouri, as Emergency Temporary Guardian and Conservator of Plaintiff, John M. Beshears.

6. That Donna K. Underwood as Public Administrator of McDonald County, Missouri was a bonded public official.

7. That thereafter on July 1, 2009, Charles V. Reynolds and Ruth Ann Reynolds filed a Petition for Appointment of a Guardian of the Person and Conservator of the Estate of John M. Beshears.

8. That the attorney who filed the Petition on behalf of the Reynolds was John M. Beshears' personal attorney, Andrew Wood.

9. That the Plaintiff John Beshears was served with a Notice of Hearing for August 4, 2009 and a copy of the Petition for the Appointment of a Guardian of the Person and Conservator of the Estate of John M. Beshears on July 6, 2009.

10. That on July 7, 2009, the Probate Court of McDonald County, Missouri, held a hearing without the appearance of Plaintiff John Beshears

and appointed Charles V. Reynolds and Ruth Ann Reynolds as Co-Guardians and Co-Conservators of Plaintiff John M. Beshears.

11. That the Probate Court appointed the Reynolds to serve as Co-Guardians and Co-Conservator of Plaintiff John M. Beshears without bond, even though the attorney Andrew Wood was aware of the value of the Plaintiff's estate being in excess of Two Million Dollars ($2,000,000.00)

12. That on October 3, 2012, the Plaintiff John M. Beshears was restored to his full rights and capacities.

13. That prior to the accident on June 26, 2009, the Defendant Andrew Wood had been the personal and professional attorney for the Plaintiff John Beshears and his wife for a number of years.

14. That at the time of the accident on June 26, 2009, the Defendant Andrew Wood was representing the Plaintiff John Beshears and his wife in the Associate Circuit Court of Newton County, Missouri, in a case captioned <u>John Michael Beshears and Sue Ellen Beshears v. Clark & Sons Construction Inc., d/b/a Clark Land Development & Management</u>, Case No. 07NW-CV02181.

15. That Defendant Andrew Wood continued as Plaintiff's attorney until there was a Judgment in <u>Beshears v. Clark & Sons Construction Inc.</u>, on July 19, 2012.

3

16. That even though Defendant Andrew Wood was the attorney for the Plaintiff, the Defendant Andrew Wood consented and did represent Charles V. Reynolds and Ruth Ann Reynolds in their Petition against the Plaintiff to become the Guardians and Conservators of the Plaintiff John Beshears.

17. That this dual representation was known to be a conflict of interest by Defendant Andrew Wood and the Defendant never obtained permission of either of his clients to represent both. See Exhibit 1 attached and made a part hereof.

## COUNT 1

COMES NOW THE PLAINTIFF and for his cause of action against the Defendant Andrew Wood upon Count 1 of his Complaint for legal malpractice and states to the Court as follows:

18. Plaintiff hereby realleges and incorporates by reference all the allegations of Paragraphs 1 through 17 of Plaintiff's Complaint as if fully set forth herein in *haec verba*.

19. That at all times herein, the Defendant Andrew Wood was the attorney for the Plaintiff John M. Beshears. See Exhibit 1 attached hereto and made a part hereof.

20. That the Defendant Andrew Wood committed the following acts of negligence and malpractice against the Plaintiff John Beshears:

4

a. He failed to have Plaintiff John M. Beshears served with proper notice of the hearing on July 7, 2009 and thus failed to obtain personal jurisdiction over Plaintiff John M. Beshears to allow the Probate Court to properly proceed; and

b. He failed to investigate the qualifications and reliability of the Reynolds to perform the duties of Guardian and Conservator for Plaintiff; and

c. He failed to require a bond in an estate that he was aware had a value of in excess of $2,000,000.00;

d. He failed to have the Reynolds obtain an appraisal of the assets of the Estate of John Beshears; and

e. He failed and allowed an Inventory and Appraisment of the Estate of John Beshears to be filed with a false valuation on the real estate of John Beshears, no listing of the Walmart stock owned by John Beshears, and a failure to list the bank accounts held by Pinnacle Bank, Chambers Bank and Pulaski Bank; and

f. He failed to file or require to be filed an annual settlement in the Estate of John Beshears; and

g. He prepared a will for John Beshears to sign while he was in the hospital which had not been discussed or agreed to prior by John Beshears; and

h. He failed to require the Reynolds to file an annual guardian report which would have shown that he was living on his own prior to the end of the first year of the guardianship which would have notified the Court that the guardianship was no longer required; and

i. He knew of the emotional distress that the Reynolds were intentionally inflicting upon John Beshears and advised John Beshears that he would take care of the situation, because Andrew Wood knew the John Beshears was no longer incapacitated or disabled but then failed to act; and

j. He failed to advise the Probate Court of his conflict of interest during the entire time of the Estate and yet still claimed a fee for his services in the Estate; and

k. He failed to keep the Reynolds from misappropriating monies from the Estate of John M. Beshears in the form of rental payments of approximately $40,000.00 and failed to require them to account for those funds.

21.     That as a direct and proximate result of the failure of the Defendant to render legal representation as set forth above and to protect the interests of his client the Plaintiff in accordance with that degree of care, skill and diligence normally exercised by attorneys generally under like and similar circumstances Defendant was negligence, and said negligence was a direct and proximate cause of Plaintiff's damages., which included but not limited to Plaintiff's losses of his assets, damage to his assets, emotional stress and damage and the cost including attorney fees to restore his rights.

22.     That the actions and inactions of the Defendant Andrew Patrick Wood were outrageous in that the Defendant acted with an evil motive and in reckless indifference and regard to the rights of the Plaintiff.

WHEREFORE the Plaintiff prays for judgment against the Defendant Andrew Patrick Wood upon Count 1 hereof for actual damages in a fair and reasonable amount and punitive damages of not less than $200,000.00 and for his costs herein laid out and expended.

## COUNT 2

COMES NOW THE PLAINTIFF and for his cause of action against the Defendant Andrew Wood upon Count 2 of his Complaint for breach of fiduciary duty, obligation of undivided loyalty and confidentiality and constructive fraud and states to the Court as follows:

23. Plaintiff hereby realleges and incorporates by reference all the allegations of Paragraphs 1 through 17 of Plaintiff's Complaint as if fully set forth herein in *haec verba*.

24. That at all times herein, the Defendant Andrew Wood was the attorney for the Plaintiff John M. Beshears. See Exhibit 1 attached hereto and made a part hereof.

25. That the Defendant Andrew Wood committed the following acts of constructive fraud and breach of his fiduciary duty and duty of undivided loyalty and confidentiality against the Plaintiff John Beshears:

   a. He failed to have Plaintiff John M. Beshears served with proper notice of the hearing on July 7, 2009 and thus failed to obtain personal jurisdiction over Plaintiff John M. Beshears to allow the Probate Court to properly proceed; and

   b. He failed to investigate the qualifications and reliability of the Reynolds to perform the duties of Guardian and Conservator for Plaintiff; and

   c. He failed to require a bond in an estate that he was aware had a value of in excess of $2,000,000.00;

   d. He failed to have the Reynolds obtain an appraisal of the assets of the Estate of John Beshears; and

8

e. He failed and allowed an Inventory and Appraisment of the Estate of John Beshears to be filed with a false valuation on the real estate of John Beshears, no listing of the Walmart stock owned by John Beshears, and a failure to list the bank accounts held by Pinnacle Bank, Chambers Bank and Pulaski Bank; and

f. He failed to file or require to be filed an annual settlement in the Estate of John Beshears; and

g. He prepared a will for John Beshears to sign while he was in the hospital which had not been discussed or agreed to prior by John Beshears; and

h. He failed to require the Reynolds to file an annual guardian report which would have shown that he was living on his own prior to the end of the first year of the guardianship which would have notified the Court that the guardianship was no longer required; and

i. He knew of the emotional distress that the Reynolds were intentionally inflicting upon John Beshears and advised John Beshears that he would take care of the situation, because

9

Andrew Wood knew the John Beshears was no longer incapacitated or disabled but then failed to act; and

j.  He failed to advise the Probate Court of his conflict of interest during the entire time of the Estate and yet still claimed a fee for his services in the Estate; and

k.  He failed to keep the Reynolds from misappropriating monies from the Estate of John M. Beshears in the form of rental payments of approximately $40,000.00 and failed to require them to account for those funds.

26. That as a direct and proximate result of the breach of the fiduciary duty obligation of undivided loyalty and confidentiality as set forth above and to protect the interests of his client the Plaintiff the Defendant was the direct and proximate cause of Plaintiff's damages., which included but not limited to Plaintiff's losses of his assets, damage to his assets, and the cost including attorney fees to restore his rights.

27. That the actions and inactions of the Defendant Andrew Patrick Wood were outrageous in that the Defendant acted with an evil motive and in reckless indifference and regard to the rights of the Plaintiff.

28. That no other recognized tort encompasses the facts set forth above in an action for recovery of damages.

10
Case 3:16-cv-05109-JTM   Document 1   Filed 09/28/16   Page 10 of 13

WHEREFORE the Plaintiff prays for judgment against the Defendant Andrew Patrick Wood upon Count 2 for breach of fiduciary duty obligation and duty of undivided loyalty and confidentiality hereof for actual damages in a fair and reasonable amount and punitive damages of not less than $200,000.00 and for his costs herein laid out and expended.

By: /s/ Lynn Myers
Lynn Myers
MO Bar No. 25827

4412 S. Hemlock Ave.
Springfield, MO 65810
(417) 887-7408
FAX (417) 887-7408
E-mail: rlynnm1@sbcglobal.net

Attorney for Plaintiff

IN THE CIRCUIT COURT OF NEWTON COUNTY, MISSOURI
PROBATE DIVISION-AT NEOSHO

FILED
SEP 05 2012
PATTY A. KRUEGER
CLERK OF THE CIRCUIT COURT

In the Estate of )
)
**JOHN MICHAEL BESHEARS,** ) Estate #10NW-PR00079
)
an Incapacitated and Disabled Person. )

## APPLICATION TO WITHDRAW AS ATTORNEY OF RECORD AND APPLICATION FOR PAYMENT OF ATTORNEY'S FEES

Comes now Andrew Wood, attorney for the above-named Co-Guardians/Co-Conservators, Charles Reynolds and Ruth Ann Reynolds, with his Application to Withdraw as Attorney of Record and Application for Payment of Attorney's Fees and costs, and states:

1. That the undersigned attorney is the attorney of record for the Co-Guardians/Co-Conservators, Charles Reynolds and Ruth Ann Reynolds.

2. That further, the undersigned attorney has represented the Ward, John Michael Beshears, for several years. In fact, represents the Ward on a couple of unrelated pending matters.

3. That a dispute has arose between the Co-Guardians/Co-Conservators and the Ward as to accounting of assets held by the guardian/conservatorship. The Ward has retained Jason Higdon, attorney at law, to represent him in this action.

4. That as such, the undersigned attorney has a conflict that does not allow him to be able to continue to represent the Co-Guardians/Co-Conservators. As such, it is necessary for the undersigned attorney to withdraw as attorney of record.

5. That the undersigned attorney has represented the above estate for a time period which includes prior to the guardianship/conservatorship being opened. This representation has included multiple trips to Joplin when the Ward was being hospitalized to meet with the Ward and the Co-Guardians/Co-Conservators. Further, the undersigned has filed all pleadings on behalf of the Co-Guardians/Co-Conservators, and the undersigned has also represented the estate in obtaining automobile insurance benefits of approximately $500,000.00.

6. That the undersigned attorney approximates the hours he has devoted to representing the above estate in well of excess of fifty (50) hours.

7. That the undersigned would request an Order from this Court for payment of attorney's fees in the sum of EIGHT THOUSAND SEVEN HUNDRED FIFTY DOLLARS ($8,750.00), which is

fifty (50) hours at ONE HUNDRED SEVENTY-FIVE DOLLARS ($175.00) per hour.

8. That in addition, the undersigned has advanced costs in the sum of ONE HUNDRED SIX DOLLARS ($106.00). That the undersigned would further request reimbursement for costs in the sum of ONE HUNDRED SIX DOLLARS ($106.00).

WHEREFORE, Andrew Wood, attorney at law, applies to this Court for leave to withdraw as attorney of record for the Co-Guardians/Co-Conservators, Charles Reynolds and Ruth Ann Reynolds, and further, for this Court's Judgment and Order for Payment of Attorney's Fees in the sum of EIGHT THOUSAND SEVEN HUNDRED FIFTY DOLLARS ($8,750.00), together with reimbursement of costs in the sum of ONE HUNDRED SIX DOLLARS ($106.00), and for such other and further order as the Court deems just.

Respectfully submitted,

SIMS, JOHNSON, WOOD & SIMS

By _____
Andrew Wood
Missouri Bar #35743
119 S. Washington St.
P. O. Box 276
Neosho, MO 64850
Ph:   (417) 451-4141
Fax:  (417) 451-9581
E-mail: wood-ap@swbell.net
ATTORNEY FOR CO-GUARDIANS/
CO-CONSERVATORS

I hereby certify that a copy of the foregoing was sent by U. S. Mail, postage prepaid, this 5th day of September, 2012, to:

Chuck and Ruth Ann Reynolds
4332 S. Jackson
Joplin, MO 64804

Jason Higdon
SPENCER, SCOTT & DWYER, P.C.
P. O. Box 278
Joplin, MO 64802

_____
Andrew Wood