IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN M. BESHEARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-05109-CV-S-RK |
| | ) | |
| ANDREW PATRICK WOOD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss. (Doc. 10.) Defendant seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6), alleging that Plaintiff's First Amended Complaint (doc. 8) fails to establish subject matter jurisdiction, and also fails to state a claim upon which relief can be granted. Upon review, the action will be **DISMISSED** for failure to state a claim upon which relief can be granted.

## Background

Plaintiff brings this action against Defendant, a licensed attorney in the State of Missouri, for legal malpractice in Count 1 and for breach of fiduciary duty/constructive fraud in Count 2. Plaintiff alleges that on June 26, 2009, he was injured in an automobile accident which also resulted in the death of his wife. (Doc. 8 ¶ 4.) On July 1, 2009, Defendant, on behalf of Charles V. Reynolds and Ruth Ann Reynolds (the "Reynolds"), filed a petition for guardianship of Plaintiff and conservatorship of the estate of Plaintiff in the Probate Court of McDonald County, Missouri (the "probate court"). (*Id.* ¶ 7.) On July 7, 2009, the probate court appointed the Reynolds as co-guardians of Plaintiff and co-conservators of his estate. (*Id.* ¶ 10.) At some point thereafter, Plaintiff retained attorney Jason Higdon to represent him in the probate court action. (*Id.* at 13.) On October 3, 2012, Plaintiff was restored to his full rights and capacities. (*Id.* ¶ 12.)

Plaintiff alleges that "prior to the accident on June 26, 2009, [] Defendant [] had been the personal and professional attorney for [] Plaintiff and his wife for a number of years, representing them concerning their assets which were the subject of the conservatorship." (*Id.* ¶ 13.) He also claims that at the time of the accident, Defendant was representing Plaintiff and his

wife in case number 07NW-CV02181, *Beshears, et al. v. Clark & Sons Constr.*, in the Circuit Court of Newton County, Missouri, and continued to represent Plaintiff in that civil case until judgment on July 19, 2012. (*Id.* ¶ 14-15.)

In support of both counts, Plaintiff makes several factual allegations regarding Defendant's actions and/or failures to act in the proceedings before the probate court. (*Id.* ¶¶ 20, 25.) Plaintiff seeks actual damages from Defendant for loss of assets, damage to assets, and emotional stress, along with punitive damages.

## Discussion

### I. Subject Matter Jurisdiction under Rule 12(b)(1)

Subject matter jurisdiction "is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. FED. R. CIV. P. 12(h)(3). Subject matter jurisdiction may be based on a federal question pursuant to 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

Defendant concedes that the amended complaint meets the pleading requirements for diversity of citizenship under Section 1332. (Doc. 11 at 2 n.2.) Despite this, Defendant contends the amended complaint fails to establish subject matter jurisdiction for two reasons. First, Defendant asserts the action is an impermissible collateral attack on the orders and judgments of the probate court. Second, Defendant argues the *Rooker-Feldman* and *Younger* abstention doctrines preclude subject matter jurisdiction.

#### a. Impermissible Collateral Attack

Defendant first proposes that the amended complaint is an impermissible collateral attack on the orders and judgments rendered in the underlying probate matter. Defendant argues that Plaintiff is challenging:

> the Probate Court's jurisdiction over him, whether the Reynolds were qualified to perform the duties of guardian and conservator, whether a bond should have been filed, whether an appraisal of assets was necessary, the correctness of the inventory and appraisement of the estate, when an annual settlement of the estate was properly filed, whether an annual guardian report should have been filed, and whether the Reynolds misappropriated money from the estate.

(Doc. 11 at 4.) According to Defendant, these are matters that should be resolved by the probate court.

The Court does not agree with Defendant's construction of Plaintiff's claims. Contrary to Defendant's assertions, the amended complaint does not challenge the propriety of any order or judgment issued by the probate court. Rather, it alleges that Defendant's specific actions and/or failures to act in the proceedings before the probate court constitute attorney negligence. And, per the amended complaint, that negligence resulted in unfavorable outcomes for Plaintiff, i.e. the loss of, and damage to, his assets, for which Defendant should be held liable.

In support, Defendant cites to *France v. Podleski*, 303 S.W.3d 615, 618 n.2 (Mo. App. 2010), which held that "Appellants' petition essentially challenges the orders or judgments of the probate division regarding the payment of attorney fees. Appellants chose to pursue those claims by filing an independent suit, but the proper avenue to make such claims is a direct appeal from those judgments." In this matter, however, as stated above, Plaintiff's amended petition challenges the actions of Defendant, not the actions of the probate court, and as a result this holding is inapplicable.

Defendant also cites *Christian Health Care of Springfield West Park, Inc. v. Little*, 145 S.W.3d 44, 56 (Mo. App. 2004), which held that a trial court lacks subject matter jurisdiction to authorize a creditor to execute on a judgment against a conservator of an estate. Instead, under Missouri law, the judgment must be filed in the probate court as a claim against the estate. *Id.* Again, however, this holding does not apply to Plaintiff's claims and allegations, as he is not attempting to execute on a judgment against the Reynolds or file a claim against the estate.

Accordingly, as to this basis, Defendant has failed to show that the Court lacks subject matter jurisdiction.

### b.    *Rooker-Feldman* and *Younger* abstention doctrines

In the alternative, Defendant argues that Plaintiff is essentially claiming that the probate court's processes were erroneous. Thus, pursuant to the *Rooker-Feldman* and *Younger* abstention doctrines, Defendant claims this Court lacks subject matter jurisdiction. The *Rooker-Feldman* doctrine recognizes that "lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Lemonds v. St. Louis Cty.*, 222 F.3d 488, 492 (8th Cir. 2000); s*ee D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *see also Younger v. Harris*, 401 U.S. 37, 43-45 (1971) (recognizing

longstanding public policy against federal court interference with ongoing state court proceedings). In considering whether *Rooker–Feldman* applies, the court should determine "exactly what the state court held to ascertain whether granting the requested federal relief would either void the state court's judgment or effectively amount to a reversal of its holding." *Lemonds*, 222 F.3d at 493 (internal quotes and citations omitted).

Here, as set forth above, Plaintiff seeks monetary damages from Defendant for legal malpractice in the probate court proceedings, but does not contest the propriety of the probate court's orders and judgments. Thus, contrary to Defendant's argument, granting the relief requested would neither void the holdings of the probate court, nor effectively reverse those holdings. Consequently, this argument lacks merit, and the motion will be denied as to this basis.

**II. Failure to State a Claim under Rule 12(b)(6)**

For a pleading to state a claim for relief, it must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013) (citing FED. R. CIV. P. 8(a)(2)). The complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    **a. Count 2 – Breach of Fiduciary Duty/Constructive Fraud**

Defendant contends Count 2 should be dismissed for failure to state a claim upon which relief can be granted because the claim for breach of fiduciary duty is subsumed by the claim for legal malpractice under Missouri law. Plaintiff does not address this argument in his Suggestions in Opposition (doc. 16).

The elements of a legal malpractice action are: (1) an attorney-client relationship; (2) negligence or breach of contract by the attorney; (3) proximate causation of client's damages; and (4) damages to the client. *Klemme v. Best*, 941 S.W.2d 493, 495 (Mo. en banc 1997). Whether characterized as breach of fiduciary duty or constructive fraud, the elements of such a claim are: (1) an attorney-client relationship; (2) breach of a fiduciary obligation by the attorney; (3) proximate causation; (4) damages to the client; and (5) no other recognized tort encompasses the facts alleged. *Id*. at 496. If the alleged breach can be characterized as both a breach of the

standard of care (legal malpractice based on negligence) and a breach of a fiduciary obligation, then the sole claim is legal malpractice. *Id*.

Here, a review of the amended complaint shows that the allegations of negligence set forth in Count 1, Paragraph 20 are exactly the same as the allegations of breach of fiduciary duty set forth in Count 2, Paragraph 25. (Doc. 8 ¶¶ 20, 25.) Thus, Plaintiff has pleaded no independent factual basis in support of Count 2, breach of fiduciary duty. As a result, Count 1 for legal malpractice encompasses the only facts alleged, and is the sole claim allowed under Missouri law. For these reasons, Count 2 will be dismissed.

### b. Count 1 – Legal Malpractice

Defendant argues that Count 1 fails to state a claim upon which relief can be granted because Plaintiff has failed to allege the existence of an attorney-client relationship between Plaintiff and Defendant.

An attorney-client relationship is an essential element of an action for legal malpractice. *Klemme*, 941 S.W.2d at 495. Representation of a client in unrelated matters does not establish that an attorney represented the client in regard to the matters at issue. *Donahue v. Shughart, Thompson & Kilroy, P.C.*, 900 S.W.2d 624, 626 (Mo. en banc 1995). Rather, an attorney-client relationship exists when a person seeks and receives legal advice and assistance from a lawyer who intends to give legal advice and assistance to the person. *Id*. In addition, "belief in an attorney-client relationship is insufficient to create such a relationship." *Mid-Continent Cas. Co. v. Daniel Clampett Powell & Cunningham, LLC*, 196 S.W.3d 595, 599 (Mo. App. 2006) (citation omitted).

Plaintiff responds that he has alleged an attorney-client relationship existed, pointing to the following allegations in the amended complaint:

1. "That the attorney who filed the Petition on behalf of the Reynolds was John M. Beshears' personal attorney, Andrew Wood." (Doc. 8 ¶ 8.)

2. "That prior to the accident on June 26, 2009, the Defendant Andrew Wood had been the personal and professional attorney for the Plaintiff John Beshears and his wife for a number of years representing them concerning their assets which were the subject of the conservatorship." (*Id*. ¶ 13.)

3. "That at the time of the accident on June 26, 2009, the Defendant Andrew Wood was representing the Plaintiff John Beshears and his wife in the Associate Circuit Court of Newton

County, Missouri, in a case captioned *John Michael Beshears and Sue Ellen Beshears v. Clark & Sons Construction Inc., d/b/a Clark Land Development & Management*, Case No. 07NW-CV02181." (*Id.* ¶ 14.)

4. "That Defendant Andrew Wood continued as Plaintiff's attorney until there was a judgment in *Beshears v. Clark & Sons Construction Inc*. on July 19, 2012." (*Id.* ¶ 15.)

Despite Plaintiff's allegations, the amended petition admits that Defendant represented the Reynolds in the guardianship/conservatorship proceedings before the probate court. (Doc. 8 ¶ 8). Under Missouri law, the attorney for a guardian/conservator owes no duty to that guardian/conservator's ward. *France v. Podleski*, 303 S.W.3d 615, 620 (Mo. App. 2010). Furthermore, per the letter attached to the amended complaint, Plaintiff hired Jason Higdon, attorney at law, to represent him in the action before the probate court. (*Id*. p. 13); *see Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (in ruling on a motion to dismiss, the court may consider documents necessarily embraced by the complaint as not outside the pleadings). It necessarily follows that the pleadings fail to allege that Defendant directly represented Plaintiff in the proceedings before the probate court.

Plaintiff does allege that Defendant was his "personal attorney" and that Defendant represented Plaintiff "for a number of years" concerning his assets which were the subject of the conservatorship. However, a complaint must contain more than labels and conclusions or a formulaic recitation of the elements of a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Furthermore, "belief in an attorney-client relationship is insufficient to create such a relationship." *Mid-Continent Cas. Co.*, 196 S.W.3d at 599. Plaintiff's conclusory assertion that Defendant was his personal attorney concerning his assets, with no specific facts in support, fails to meet the standard for pleading that an attorney-client relationship existed between Plaintiff and Defendant as to the probate court action.

Plaintiff also asserts that Defendant was his attorney in a separate civil action, *Beshears v. Clark & Sons Construction Inc.*, at the time the probate action commenced and continuing for the next three years. But, representation of a client in unrelated matters does not establish that an attorney represented the client in regard to the matters at issue. *Donahue*, 900 S.W.2d at 626. Plaintiff has failed to provide any additional facts explaining how this separate civil action was related to the probate court proceedings and created an attorney-client relationship therein.

Based on the foregoing, the Court finds that, as to the probate court action, the amended complaint fails to plead the existence of an attorney-client relationship between Plaintiff and Defendant, a necessary element of a claim for legal malpractice under Missouri law. Consequently, Count 1 will be dismissed.

Before concluding, the Court must address one additional request. Defendant asks that the dismissal be with prejudice, arguing that no amount of amendment will alter these facts, and amendment would be an exercise in futility. At this time, the Court cannot determine that amendment would be futile. Thus, as a result, the dismissal will be without prejudice.

## Conclusion

Defendant's Motion to Dismiss (doc. 10) is **GRANTED**. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this action is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

    s/ Roseann A. Ketchmark
    ROSEANN A. KETCHMARK, JUDGE
    UNITED STATES DISTRICT COURT

DATED: May 3, 2017